UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LARS WINKELBAUER,<br>ABILASH KURIEN,<br>CARLTON LLEWELLYN,<br>ROBERT SCHIRMER,<br>SKYE XU,<br>BENJAMIN WEI,<br>   a/k/a "Ben Wei,"<br>ALVARO LOPEZ,<br>FABIOLA CINO,<br>ORLANDO WONG, and<br>PATRICK LAU,<br>   a/k/a "Pat Lau,"<br>                              *Defendants.* | **Protective Order**<br><br>**23 Cr. 133 (JMF)** |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

## Categories

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material." The Government's Disclosure Material may include material that the Government believes (i) affects the privacy, confidentiality and business interests of individuals and entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; (iv)

may be produced with more limited redactions than would otherwise be necessary; and (v) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sealed Material.** Certain of the Government's Disclosure Material, referred to herein as "Sealed Material," may contain what the Government believes is information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein or information that may reveal trade secrets or other information that may cause financial loss or other harm to a business entity.

3. **Attorney's Possession Only ("APO") Material.** The Government believes that certain materials in the Government's Disclosure Material may raise a particular risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations. Disclosure Material produced by the Government to the defendant or his counsel that is either (1) designated in whole or in part as "Attorney's Possession Only" by the Government in emails or communications to defense counsel, or (2) that includes a Bates or other label stating "Attorney's Possession Only" or "APO" shall be deemed "APO Material." Any material designated as APO Material shall also be deemed Sealed Material.

4. **Attorney's Eyes Only ("AEO") Material.** The Government believes that certain materials in the Government's Disclosure Material may raise a more significant risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations.

2

Disclosure Material produced by the Government to the defendant or his counsel that is either (1) designated in whole or in part as "Attorney's Eyes Only" by the Government in emails or communications to defense counsel, or (2) that includes a Bates or other label stating "Attorney's Eyes Only" or "AEO" shall be deemed "AEO Material." Any material designated as AEO Material shall also be deemed Sealed Material.

NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

### Disclosure and Treatment

5. Disclosure Material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action, including provision to personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by, retained by, or consulted by counsel, and to prospective witnesses. The defense shall not post any Disclosure Material on any Internet site or network site, including any social media site such as Facebook or Twitter, to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media.

6. Sealed Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court, and may be disclosed by defense counsel to:

    a. The defendant;

    b. Personnel for whose conduct defense counsel is responsible as needed for purposes of defending this action; and

      c. Prospective witnesses for purposes of defending this action.[1]

7. APO Material received by defense counsel shall be maintained in a safe and secure manner by defense counsel and any personnel for whose conduct defense counsel is responsible; shall not be possessed by the defendant, except in the presence of the defendant's counsel or any personnel for whose conduct defense counsel is responsible; and shall not be disclosed in any form by the defendant, his counsel, or any personnel for whose conduct defense counsel is responsible except as set forth herein.

8. AEO Material received by defense counsel shall be maintained on an attorney's eyes only basis, and the defense shall not share any AEO Material or the content of the AEO Material with any other persons, including the defendant, except for any personnel for whose conduct defense counsel is responsible.

9. The Government shall designate discovery materials as Sealed, APO, and/or AEO Material for good cause only and will clearly label the specific materials that are Sealed, APO, and/or AEO Material pursuant to this Order. To the extent defense counsel objects to a designation, the parties shall meet and confer in good faith to attempt to reach agreement on the designation. If no agreement can be reached, the Government shall seek the Court's approval for the designation by providing the basis for the designation in writing (including on an *ex parte* basis, if appropriate). Notice of any such application will be provided to defense counsel, and defense counsel agrees during the pendency of any such application to abide by the terms of this Order.

---

[1] While defense counsel may disclose Sealed Material to prospective witnesses for purposes of defending this action, prospective witnesses may not retain or duplicate Sealed Material, nor may they make or retain any notes on Sealed Material.

## Other Provisions

10. This Order does not prevent the disclosure of any Disclosure Material in any motion, hearing, or trial held in this action, or to any judge or magistrate judge, for purposes of this action but shall not be disclosed or used in any form in any other civil litigation, arbitration, or other private or alternative dispute resolution. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1 and the above provisions referencing sealing of certain Disclosure Material.

11. The Government's designation of material will be controlling absent contrary order of the Court. However, the Government may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court. The defense shall provide a copy of this Order to prospective witnesses, counsel or legal staff for prospective witnesses, and any personnel for whose conduct defense counsel is responsible to whom the defense has disclosed Disclosure Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons and that record may only be disclosed to the Government by order of the Court, upon a showing of good cause by the Government, to which defense counsel shall reserve the right to file a response. Such response may be filed *ex parte*, in the event such response would disclose defense strategy, provided that notice of the response is provided to the Govenrment.

12. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material, including any ESI, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the

5

charges in the above-captioned case; and the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct. If Disclosure Material is provided to any personnel for whose conduct defense counsel is responsible or prospective witnesses, defense counsel shall make reasonable efforts to seek the return or destruction of such materials.

13. This Order places no restriction on documents, materials, objects, and information, including ESI, that: (a) are or become part of the public record, including but not limited to documents or materials that are received in evidence in the course of proceedings in other matters; (b) are already within the possession, custody, and control of, or available to, the defendant or defense counsel; or (c) become available to the defendant or defense counsel through some means other than production by the Government in this action, including but not limited to information independently investigated and discovered by defense counsel.

## Retention of Jurisdiction

14. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____   Date: 5-4-23
Katherine C. Reilly
Danielle Kudla
Assistant United States Attorneys

_____   Date: May 4, 2023
Carrie Cohen, Esq.
Counsel for Lars Winkelbauer

_____   Date: May 4, '23
Justine Harris, Esq.
Noam Biale, Esq.
Rebecca Prager, Esq.
Counsel for Abilash Kurien

_____   Date: May 4, 2023
Kathleen Cassidy, Esq.
Ariel Cohen, Esq.
Counsel for Carlton Llewellyn

_____   Date: 5/4/2023
Samidh Guha, Esq.
Counsel for Robert Schirmer

_____   Date: 5/4/2023
Scott Tenley, Esq.
Michael Zweiback, Esq.
Counsel for Skye Xu

_____   Date: 5/4/23
David Siegal, Esq.
Counsel for Benjamin Wei

_____   Date: 5/4/23
Ferando Tamayo, Esq.
Counsel for Alvaro Lopez

_____   Date: 5/4/23
Jacqueline M. Arango, Esq.
Counsel for Fabiola Cino

BRADLEY L. HENRY
_____   Date: 5-4-23
Alan Baum, Esq.
David Wikstrom, Esq.
Counsel for Orlando Wong

_____   Date: _____
Stacy Anne Van Malden, Esq.
Counsel for Patrick Lau

SO ORDERED:   The Clerk of Court is directed to terminate Doc. #62.

Dated: New York, New York
       May  5 , 2023

_____
THE HONORABLE JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE

8